## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-61846-RAR

**KAREEM J. FOREMAN,**

      Plaintiff,

v.

**CITY OF FORT LAUDERDALE,**
**ERIC K. WILLIAMS, AND**
**MATTHEW JAMES GUERRA**,

      Defendants.

_____/

### <u>ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Amended Complaint filed under 42 U.S.C. § 1983. *See* Amended Complaint [ECF No. 6] ("Am. Compl."). After *pro se* Plaintiff filed his initial complaint, [ECF No. 1], the Court issued an Order to Amend, [ECF No. 5] ("Order"), providing Plaintiff with one opportunity to correct deficiencies in his Complaint. In the Order, the Court warned Plaintiff, that while submissions by *pro se* civil rights plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," Order at 3, "failure to file the amended complaint on time and in compliance with this Court's Orders shall result in dismissal of this case," Order at 7. The Order outlined specific deficiencies in Plaintiff's Complaint to afford Plaintiff an opportunity to make the necessary corrections in an Amended Complaint. *See* Order at 4–6.

After careful consideration, the Court finds that Plaintiff's Amended Complaint does not sufficiently correct the deficiencies identified by the Court in the Order to Amend, and thereby fails to comply with the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Florida. Being fully advised, it is hereby

**ORDERED** that the above-styled case is **DISMISSED** *without prejudice*.

## **LEGAL STANDARD**

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Similarly, pursuant to 28 U.S.C. section 1915(e), courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Federal Rules of Civil Procedure provide that Plaintiff must specify all the grounds for relief available to the moving party, state the facts supporting each ground for relief, and be signed under penalty of perjury by Plaintiff or by a person authorized to sign on behalf of Plaintiff. Fed. R. Civ. P. 2(b). When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local rules, its usefulness is substantially diminished.

Even Plaintiffs appearing *pro se* are required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal of *pro se* litigant's noncompliance with court orders); *see also* Local Rule 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*).

Failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). Indeed, *pro se* litigants are not exempt from procedural rules. *See McLeod*, 679 F. App'x at 843.

The Court must hold the allegations in a *pro se* civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Likewise, liberal construction does not authorize *pro se* litigants to file impermissible "shotgun" pleadings.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–1323. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).

## ANALYSIS

With the foregoing legal standards in mind, the Court turns to the Amended Complaint. To begin, the Amended Complaint is structurally improved from the Complaint in that it now includes numbered paragraphs and Counts. However, looking beyond the format of the Amended Complaint, the Court concludes that it remains a shotgun pleading that must be dismissed.

First, the Amended Complaint fits into the second category of shotgun pleadings identified by the Eleventh Circuit because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321–22. There is simply insufficient factual matter, accepted as true, to allow the Court to reasonably infer that Defendants are liable for any misconduct or wrongdoing—nor can the Court deduce what the claims against each Defendant may be. The gravamen of the Amended Complaint appears to be that Plaintiff believes he was wrongfully prosecuted for a traffic violation because the officer on scene wrongfully held positions with two police departments. However, the factual assertions surrounding this allegation are replete with **conclusory** statements, including but not limited to:

- "Foreman withdrew consent and drove away, having committed no crime or traffic infraction and *recognizing the illicit nature of the encounter.*"  Am. Compl. ¶ 22 (emphasis added).

- "The State prosecuting attorney, presented the charges by information *despite facial defects a practice that conflicts with law but is normal conduct in the policy of FLPD and state courts*."  Am. Compl. ¶ 25 (emphasis added).

- "The resignation of his second post to occupy his original office *is not compliant with protocol,* to wit, the act of *accepting a 2nd office vacates the 1st de facto*. Obverse acts inverts results, as in office vacated in such a manner *should have a retroactive effect, negating his authority* nunc pro tunc. *Absconding office illicitly gained warrants revocation.*"  Am. Compl. ¶ 29 (emphasis added).

- "CJS after neglecting to precent the incident, *withheld remedial injunctive relief*, a very *negligible act of omission* by officers and officials representing STATE."  Am. Compl. ¶ 34 (emphasis added).

- "These acts were committed for no other purpose but to prevent nullify mitigate and estoppel possible vindication and relief efforts."  Am. Compl. ¶ 41.

Similarly, the factual assertions surrounding the allegations are replete with **vague** and **immaterial** facts not obviously connected to any cause of action, including but not limited to:

- "Guerra a sergeant in FLPD Internal Affairs Department grants him intel and intimate knowledge of his subordinates relative to misconduct. His duty is to investigate the validity of claims and reports and appropriate recommendations." Am. Compl. ¶ 26.

- "The contracted private attorney deceived Foreman into signing a document styled 'waiver of appearance,' that contained waiver clauses prejudicial to him and his

interests.  Attorney also withheld correspondence from the state."  Am. Compl. ¶ 37.

- "After speaking with the state attorney in the case this private attorney abandoned the defense and ignoring the refusal of the discovery demands and prejudiced the rights of his client by waivers and pleas without disclosing to Foreman the nature, scope and conclusion of the discourse."  Am. Compl. ¶ 39.

The Eleventh Circuit recently affirmed the dismissal of a similar shotgun pleading that was "rife with immaterial factual allegations, including five pages and 24 paragraphs of irrelevant details about the alleged criminal backgrounds of some of the defendants." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021).  Here, as in *Barmapov*, the Amended Complaint's five pages of factual allegations extend far beyond anything relevant to the gravamen of the Amended Complaint, such that the Court simply cannot decipher Plaintiff's allegations.  Further, in *Barmapov*, the Eleventh Circuit held the complaint there was made worse by then "incorporate[ing] these paragraphs into 13 of the 19 counts, including counts against defendants who had no part in this background history." *Id.*  That is exactly what Plaintiff has done here.

Accordingly, Plaintiff's Amended Complaint also falls within the fourth category of shotgun pleadings under *Weiland*.  That is, the Amended Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions…." *Weiland*, 792 F.3d at 1323.  Here, Plaintiff has added specific Counts to the Amended Complaint, but each Count simply incorporates all the facts laid out in the Statement of Facts without identifying which facts are relevant to each legal claim.  In fact, the *only* paragraph included under Counts IV, V, VI, and VII reads: "Incorporating par. 1-42 by reference and reaffirming allegations reapplying applicable statutes."  Am. Compl. at 10–11.

Relatedly, some of the Counts appear to have nothing to do with any of the conclusory or immaterial facts included in the Statement of Facts. For example, Count V alleges "Neglecting to properly train supervise and employ under 42 USC § 1983" while the Amended Complaint fails to include a single fact regarding negligent training or hiring. *See* Am. Compl. at 11. Likewise, Count VI alleges "Conspiracy to deprive federal privileges and immunities under 42 USC 1985" without any explanation as to what this Count is in reference to. *Id.*

Moreover, each Count includes allegations regarding multiple Defendants, failing to separate out which charges apply to which Defendants. For example, Count II alleges, "Conspiracy to deprive federal privileges and immunities under 42 USC 1985" which applies to Defendants Williams, Daniel, Gonzalez, Guerra, and Broward County. But that is it. There is no explanation as to how any of these Defendants purportedly conspired to deprive federal privileges and immunities, or what Plaintiff means by that allegation at all. The Court cannot decipher any acts or omissions of any Defendant, given the vague language. There is a complete lack of specificity that prevents the Court from comprehending the allegations. Accordingly, the Amended Complaint is a shotgun pleading that warrants dismissal.

Lastly, the Court has assured itself that this dismissal will not be "tantamount to a dismissal with prejudice" "due to the running of the statute of limitations." *See Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993). "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002). "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A "cause of action will not accrue until the plaintiff knows or should

know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.*   Plaintiff's allegations against Defendants seem to arise from events which took place in July of 2020.  *See* Am. Compl. ¶ 24.  Therefore, at the earliest, Plaintiff's claims expire sometime in July of 2024.  Seeing as Plaintiff has approximately two years to file a new case, this dismissal will not prejudice him.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that this action is **DISMISSED** *without prejudice*.  All pending motions, if any, are **DENIED as moot**.  All deadlines are **TERMINATED**.  This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of October, 2022.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Kareem J. Foreman, *pro se*